8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Verna PLEASURE, Plaintiff-Appellant,
v.
ACCESS ALASKA; Duane M. French, individually and as
executive director of Access Alaska, Inc.; Dusty Farnum,
individually and as programs operations supervisor of Access
Alaska, Inc., Defendants-Appellees.
 No. 92-35056.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1993.
Decided Oct. 6, 1993.
 
 Before: SCHROEDER, FLETCHER and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Verna Pleasure appeals the district court's judgment in favor of Access Alaska, Inc., her former employer, in a bench trial, on her allegations that she was discriminated against on the basis of race, disability and sex in violation of Alaska statute § 18.80.220(a)(1). Alaska courts look to Title VII decisions for guidance in interpreting the similar provisions of Alaska law.
 
 
 3
 Verna Pleasure is an African-American woman who was employed by Access Alaska, Inc. She worked as an Independent Living Counsel ("ILC"). Pleasure is physically disabled, suffering specifically from the loss of her left arm, and from some spinal imbalance. Pleasure started work at Access Alaska in June 1983. This job included deinstitutionalizing the disabled from the hospital into a community. She helped to train and counsel people for independent living after disability or injury.
 
 
 4
 Pleasure first contends that she was deprived of clerical assistance afforded to other employees. The district court found that many of the employees at AAI are disabled and need extra help in order to fulfill their duties. The court stated that sometimes greater assistance was granted to those with more severe disabilities than Pleasure. Otherwise, Pleasure was given the same assistance that other employees were granted. Second, Pleasure stated that she was denied a pay raise. However, the district court pointed out that Pleasure was the highest paid AAI employee and remained so after the raises were given. Third, Pleasure argues that she was denied sick leave when she requested it. The district court stated that Pleasure's request was denied because of its uniqueness and not any discriminatory motive. Specifically, Pleasure requested leave in advance of illness; similar requests had never been made or granted. Although the complaint about denial of sick leave may have merit in the same sense that the leave should have been granted, its denial appears to have been grounded more in insensitivity to the strain under which Pleasure labored than any discriminatory motivation. Fourth, Pleasure claims that she was not permitted to attend professional seminars. The district court found that Pleasure was not so prohibited, and any cutbacks were a result of a lack of budget funds.
 
 
 5
 Pleasure's last argument is that she was improperly suspended. The district court found that with regard to her suspension, Pleasure violated a direct order from the staff at AAI not to deinstitutionalize a certain patient. The district court cited evidence that Pleasure represented herself as an AAI employee and attempted to deinstitutionalize the patient. AAI, apparently worried that Pleasure would be perceived as an AAI agent, then suspended her for five days. The district court specifically found that "[t]here was no evidence that anyone else at Access Alaska had ever engaged in similar insubordination." The district court discounted Pleasure's testimony that another employee had engaged in such conduct without being disciplined, because she had no personal knowledge of the alleged incident. The district court's findings should not be disturbed.
 
 
 6
 On appeal, Pleasure contends that the district court should have inferred a discriminatory intent from the evidence she presented. Assuming the inference was warranted, the district court ruled that AAI had presented nondiscriminatory reasons for their actions. Pleasure has failed to carry her burden by showing that these reasons were false or invalid. See St. Mary's Honor Center v. Hicks, 61 U.S.L.W. 4782 (U.S. June 25, 1993); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).
 
 
 7
 Appellant also argues that defense counsel represented her during her personal injury case and should have been disqualified because of a conflict of interest. The issue of counsel disqualification was raised only as a peripheral matter at a status conference before the magistrate on February 22, 1990. The complaint was contained in a letter written by Pleasure and not pursued by counsel. The magistrate ruled that the letter was lodged but was not a formal filing that became part of the record. The magistrate told Pleasure that the disqualification issue had to be raised formally. He instructed her to submit a formal allegation within 45 days. She did not do so. There is thus nothing in the record to support disqualification. In light of the serious nature of the claim for disqualification--that defense counsel had once represented Pleasure--the magistrate might better have inquired further on his own. We cannot say, however, that it was error to put the burden on plaintiff. The district court did not err by failing to order a continuance for retention of new defense counsel.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3